**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RUSSEL J. GANNARD, III** | **CASE NO. 6:23-CV-00993** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ISLAND OPERATING CO INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

# RULING

Before the Court is a Motion to Exclude Expert Report and Opinions [ECF No. 43] filed by REC Marine Logistics, LLC ("REC Marine"). For the reasons that follow, REC Marine's motion to exclude [ECF No. 43] is DENIED.

## I. BACKGROUND

Stanford McNabb ("McNabb") is retained by Russel Gannard ("Gannard") as a "Vocational Rehabilitation Expert and Life Care Planner" and Dennis Boudreaux ("Boudreaux") is retained by Gannard as an "Economist and Expert regarding the economic loss suffered by the Plaintiff."[1] This matter was originally set for Trial on August 4, 2025.[2] Under the Court's prior Scheduling Order, Gannard's expert reports and disclosures were due by December 24, 2024.[3] By this deadline, Gannard produced two reports by McNabb (dated December 28, 2023 and November 11, 2024)[4] and a document entitled "Doctor Conference with signed Memo received on 2/20/24."[5] Gannard also produced a report from Boudreaux (dated December 18, 2024), which is based on

[1] ECF No. 43-2 at 132.
[2] *See* ECF No. 10.
[3] *Id.*
[4] ECF No. 43-2 at 1, 29.
[5] *Id.* at 17.

the information from McNabb's reports.[6] The trial was subsequently continued to July 6, 2026, and a new Scheduling Order was issued, pursuant to which Gannard's expert reports and disclosures were due by November 26, 2025.[7] The trial was again continued to December 14, 2026.[8] Gannard has not produced additional reports from McNabb or Boudreaux.

## II.
## LAW AND ANALYSIS

REC Marine argues that the expert reports and opinions of McNabb and Boudreaux should be excluded as unreliable under *Daubert* because they contain outdated information and make unsubstantiated assumptions. Gannard argues that the reports merely need to be supplemented to reflect the most up to date information thirty days prior to trial.

The Court's gate-keeping function under *Daubert* ensures that "expert testimony is admissible only if it is both relevant and reliable."[9] REC Marine does not seem to contest the methodology by which McNabb and Boudreaux formed their opinions, except to say that they rely on outdated information. With the exception of the "Pre- and Post-Surgery Treatment" section and the "Right Knee Arthroscopy" section of McNabb's December 2023 Report,[10] however, REC Marine does not argue that the expert reports were based on insufficient facts or data at the time they were created. Instead, REC Marine's primary concern appears to be that the expert reports have not yet been supplemented since the original trial date was continued. For example, REC Marine complains that the Vocational Prognosis in McNabb's December 2023 Report does not

---

[6] *Id.* at 53.
[7] ECF No. 34.
[8] ECF No. 77.
[9] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).
[10] ECF No. 43-2 at 3-11. REC Marine also argues that the Vocational Prognosis in McNabb's December 2023 Report is based on statistical wage data from 2022, but has not shown that this data was not the most current wage data available at the time the report was drafted. *See id.* at 2.

consider Gannard's partial knee replacement surgery that occurred in May of 2025.[11] REC Marine also complains that McNabb's November 2024 Report does not consider Dr. Duval's January 2026 deposition testimony that Gannard's right ankle and right knee were currently at MMI.[12] Similarly, REC Marine argues that Boudreaux's December 2024 Report is outdated because it is based on McNabb's reports. Gannard acknowledges that the expert reports are out of date, but asserts that Rule 26 does not require him to supplement the expert reports until thirty days before trial.

Rule 26(e)(2) provides that a party is required to supplement information given in its expert reports and that such supplements are due at the same time as pretrial disclosures made under Rule 26(a)(3).[13] REC Marine argues, however, that the purpose of Rule 26(e)(2) "is to prevent prejudice or surprise, not to provide an extension of the expert designation and report production deadline."[14] Indeed, Rule 26(e)(2) should not be used as a loophole to provide additional, independent information after the deadlines for submitting expert reports has elapsed.[15] Supplemental disclosures, "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[16] For example, an expert may not offer "enhanced" opinions based on medical records that were available at the time of the original report.[17] Supplementation is thus limited to circumstances when "the information previously disclosed is incomplete or incorrect in some material respect."[18] Supplemental disclosures are permissible as a

---

[11] ECF No. 43-1 at 4.
[12] *Id.* at 5.
[13] Fed. R. Civ. P. 26(e)(2); *see also Stewart v. Moncla Marine Operations LLC*, No. 6:17-CV-01260, 2023 WL 3553706, at *2 (W.D. La. May 17, 2023). Rule 26(a)(3)(B) specifies that pretrial disclosures "must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).
[14] *Franklin v. United States*, No. 2:23-CV-00375, 2026 WL 637640, at *2 (W.D. La. Mar. 6, 2026) (citing *Diaz v. Con-Way Truckload Inc*., 279 F.R.D. 412, 421 (S.D. Tex. 2012) (cleaned up)).
[15] *See id.*; *Diaz*, 279 F.R.D. at 421; *Hebert v. Prime Ins. Co*., 2020 WL 1922388, at *3 (W.D. La. Apr. 20, 2020).
[16] *In re Complaint of C.F. Bean L.L.C*., 841 F.3d 365, 371 (5th Cir. 2016) (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co*., 73 F.3d 546, 571 (5th Cir. 1996)).
[17] *Hebert*, 2020 WL 1922388, at *3.
[18] *C.F. Bean*, 841 F.3d at 371 (citing *Sierra Club*, 73 F.3d at 571).

means of "correcting inaccuracies[ ] or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."[19]

Here, Gannard has not attempted to "deliver the lion's share of [his] expert information" after the production deadline. While the expert reports may currently be outdated due to developments in Gannard's medical care since the time the reports were drafted, the inaccuracies can be cured with supplemental reports reflecting up to date information.[20] The Court's current Scheduling Order is silent on supplements to expert reports, and Rule 26 directs supplementation "at least 30 days before trial."[21] Thus, the expert testimonies of McNabb and Boudreaux cannot be excluded as unreliable at this time.

As to the "Pre- and Post-Surgery Treatment" section and the "Right Knee Arthroscopy" section of McNabb's December 2023 Report, it appears that these sections were based on outdated information at the time the report was drafted. These sections estimate the cost of anticipated surgical treatment,[22] but Dr. Duval testified that he performed a "meniscal repair" surgery on Gannard on August 16, 2023[23]—about three to four months before McNabb created his December 2023 Report. McNabb's November 2024 Report, however, appears to cure this error, noting "8/16/23 Dr. Duval – Procedure: arthroscopy of the right knee with meniscectomy."[24] The Court finds that McNabb's failure to consider the fact the Gannard had already underwent surgery when

---

[19] *Diaz*, 279 F.R.D. at 421 (citing *Cook v. Rockwell Int'l Corp*., 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006)) (emphasis in original).

[20] *See Johnson v. Packaging Corp. of Am*., No. CV 18-613-SDD-EWD, 2024 WL 1112960, at *1 (M.D. La. Mar. 14, 2024) (denying the Defendants' motion to exclude a supplemental expert report because, while the original expert report was "somewhat stale," the Defendants anticipated that the reports would be supplemented and Rule 26 directs supplementation "at least 30 days before trial").

[21] Pursuant to Rule 26(e)(2), expert report supplements must be provided at the same time as pretrial disclosures made under Rule 26(a)(3). Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3)(B) specifies that pretrial disclosures "must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

[22] ECF No. 43-2 at 3-11.

[23] *Id.* at 135.

[24] *Id.* at 33.

he calculated an estimated cost of the surgery in his December 2023 Report is not enough to exclude his testimony as unreliable. The November 2024 Report corrected the inaccuracy and reflected the updated information. Any further inaccuracies as a result of Gannard's medical developments can be cured with supplemental reports reflecting up to date information.

## III.
## CONCLUSION

For the reasons set forth above, the Motion to Exclude Expert Report and Opinions [ECF No. 43] filed by REC Marine is DENIED without prejudice. REC Marine may reassert its motion to exclude during the time period between the pretrial disclosure deadline and up to one week before the pretrial conference in this matter.

THUS DONE in Chambers on this 5th day of August, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE